T.C. Memo. 2003-247

UNITED STATES TAX COURT

JIMMY A. PRINCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9120-02.                    Filed August 18, 2003.

Jimmy A. Prince, pro se.

<u>Jean Song</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine
respondent's determinations as to petitioner's 1997, 1998, and
1999 Federal income taxes.  Respondent determined for those
respective years that petitioner had deficiencies of $36,861,
$89,210, and $71,454 and was liable for section 6662(a)

accuracy-related penalties of $7,372, $17,842, and $14,291.[1]

Respondent also determined as to 1997 that petitioner was liable

for a $9,215 addition to tax under section 6651(a)(1).

Following concessions,[2] we are left to decide:

1.  Whether the 3-year period of limitations under section
6501(a) has run on 1997.  We hold it has not.

2.  Whether petitioner may deduct self-employment expenses
in amounts greater than those allowed by respondent.  We hold he
may not.

3.  Whether petitioner may deduct for 1998 a $37,181 net
operating loss (NOL) carryover.  We hold he may not.

4.  Whether petitioner may deduct dependency exemptions for
his daughter Keauna (Keauna) and his son Zik (Zik).  We hold he
may not.

---

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the subject years, Rule
references are to the Tax Court Rules of Practice and Procedure,
and dollar amounts are rounded.

[2] In addition to the concessions made explicitly, we
consider petitioner to have conceded respondent's determination
of unreported income by virtue of the fact that petitioner did
not address this issue on brief.  We hold without further comment
that petitioner underreported the 1997 and 1998 gross income of
his sole proprietorship by $5,261 and $26,631, respectively, as
determined by respondent.  See Levin v. Commissioner, 87 T.C.
698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987);
Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976); see also
Remuzzi v. Commissioner, T.C. Memo. 1988-8, affd. without
published opinion 867 F.2d 609 (4th Cir. 1989).

5. Whether petitioner may use the head of household filing status. We hold he may not.

6. Whether petitioner is liable for the addition to tax determined by respondent under section 6651(a)(1). We hold he is.

7. Whether petitioner is liable for the accuracy-related penalties determined by respondent under section 6662(a). We hold he is.

FINDINGS OF FACT

Some facts were stipulated. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Los Angeles, California, when his petition was filed. Petitioner's daughter is Keauna, and his son is Zik. Petitioner did not reside with Keauna during the subject years, and we do not find in the record that he resided with Zik either.

Petitioner filed with the Commissioner 1997, 1998, and 1999 Forms 1040, U.S. Individual Income Tax Return, using the filing status of "Head of Household". He reported on those returns that his dependents were Keauna and Zik. On his 1997 and 1999 returns, petitioner reported a loss of $9,614 and income of $954, respectively, from his sole proprietorship named Jasmak Auto Parts (Jasmak). On his 1998 return, petitioner reported income of $17,609 from Jasmak and an NOL carryover of $37,181 for

purported losses from Jasmak for 1994 through 1997. The items of income from Jasmak were the only items of income reported on petitioner's 1997 through 1999 returns. Petitioner filed his 1997 tax return with the Commissioner on March 26, 1999.

The respective returns reported that petitioner calculated Jasmak's profit (loss) for 1997 through 1999 as follows:

|  | 1997 | 1998 | 1999 |
|---|---|---|---|
| Gross receipts | $233,394 | $407,173 | $356,977 |
| Returns and allowances | -0- | (7,846) | -0- |
| Cost of goods sold: | | | |
|     Beginning inventory | 72,411 | 56,270 | 81,431 |
|     Purchases | 114,367 | 279,762 | 220,877 |
|     Ending inventory | 56,270 | 81,431 | 83,236 |
|  | 130,508 | 254,101 | 219,072 |
| Gross profit | 102,886 | 144,226 | 137,905 |
| Expenses: | | | |
|     Advertising | 7,212 | 2,206 | 4,394 |
|     Commissions and fees | 19,460 | 23,562 | 24,348 |
|     Insurance | 3,428 | 4,785 | 6,097 |
|     Interest | -0- | 529 | -0- |
|     Legal and prof. services | 2,678 | 9,167 | 7,971 |
|     Office expense | -0- | -0- | 1,782 |
|     Rent | 36,000 | 36,000 | 36,000 |
|     Repairs and maintenance | 5,152 | 2,446 | 1,686 |
|     Supplies | 1,648 | 1,049 | -0- |
|     Taxes and licenses | 197 | 2,985 | 2,338 |
|     Travel | 795 | 150 | 1,143 |
|     Utilities | 2,750 | 1,200 | 1,200 |
|     Bank charges | 425 | 991 | 929 |
|     Depreciation | 4,565 | 8,058 | 8,058 |
|     Dues and subscriptions | 82 | 182 | 215 |
|     Freight | 1,274 | 94 | 106 |
|     Janitorial | 320 | 355 | 1,070 |
|     Medical/health | -0- | 1,760 | -0- |
|     Miscellaneous expenses | 110 | 839 | 272 |
|     Postage | 301 | 517 | 674 |
|     Salary expense | 11,000 | 20,200 | 22,000 |
|     Security | 422 | 433 | 428 |
|     Telephone | 6,342 | 7,581 | 8,245 |
|     Transportation | 3,435 | 2,028 | 3,061 |
|     Sales tax | 3,118 | -0- | 3,226 |

| | | | |
|---|---|---|---|
| Finance charges | 727 | -0- | 982 |
| Other | 530 | -0- | -0- |
| Interest expense | 529 | -0- | 726 |
| | 112,500 | 127,117 | 136,951 |
| Profit (loss) | (9,614) | 17,109 | 954 |

The "Salary expense" represented payments which Jasmak made to petitioner for his services. Petitioner now acknowledges that the deduction of these payments was improper.

In 2000, the Commissioner began auditing petitioner's 1997 through 1999 taxable years. As a result of this audit, the Commissioner increased (decreased) petitioner's reported taxable income as follows and reflected these adjustments in the subject notice of deficiency mailed to petitioner on February 21, 2002:

| | 1997 | 1998 | 1999 |
|---|---|---|---|
| Self-employment income: | | | |
| Unreported gross receipts | $16,338 | $26,631 | $24,988 |
| Self-employment expenses: | | | |
| Advertising | 5,952 | -0- | 2,610 |
| Commissions | 19,261 | 23,397 | 24,105 |
| Depreciation | 1,315 | 4,801 | 4,848 |
| Insurance | 3,428 | 4,785 | 6,097 |
| Legal | 2,410 | 8,240 | 7,174 |
| Purchases | 52,174 | 127,641 | 100,764 |
| Returns and allowances | -0- | 6,760 | -0- |
| Salary | 11,000 | 20,200 | 22,000 |
| Sales tax | 3,118 | 2,985 | 3,226 |
| Telephone | 4,439 | 5,307 | 5,770 |
| Transportation | 1,767 | 1,040 | 1,530 |
| Other items of income: | | | |
| NOL carryover | -0- | 37,181 | -0- |
| AGI adjustments: | | | |

| | | | |
|---|---|---|---|
| Insurance | -0- | (594) | -0- |
| Self-employment | (5,549) | (6,337) | (7,166) |

Deductions and exemptions:

| | | | |
|---|---|---|---|
| Standard deduction | 1,900 | 2,000 | 2,050 |
| Exemptions | 5,300 | 7,938 | 7,040 |
| | 122,853 | 271,975 | 205,036 |

At trial, respondent conceded as to 1997 that he incorrectly disallowed $49,529 of the purchases, $2,308 of the sales tax expense, and $4,449 of the advertising expense.  Respondent also conceded that petitioner's 1997 gross income did not include $11,077 of the determined unreported gross receipts and that petitioner's 1999 gross income did not include any of the determined unreported gross receipts.

OPINION

1.  Burden of Proof

Taxpayers generally must prove respondent's determinations wrong in order to prevail.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon respondent the burden of proof with respect to any factual issue if the taxpayer maintained adequate records, satisfied applicable substantiation requirements, cooperated with respondent, and introduced during the court proceeding credible evidence on the factual issue.[3]  The legislative history of

_____

[3] The relevant language of sec. 7491 provides:

(continued...)

section 7491(a) clarifies that taxpayers must prove that they

have satisfied the adequate records, substantiation, and

cooperation requirements before that section places the burden of

proof upon the Commissioner.[4]  H. Conf. Rept. 105-599, at 239

(1998), 1998-3 C.B. 747, 993 ("The taxpayer has the burden of

proving that it meets each of these conditions, because they are

necessary prerequisites to establishing that the burden of proof

---

[3](...continued)

SEC. 7491. BURDEN OF PROOF.

    (a) Burden Shifts Where Taxpayer Produces Credible
Evidence.--

        (1) General rule.--If, in any court
    proceeding, a taxpayer introduces credible
    evidence with respect to any factual issue
    relevant to ascertaining the liability of the
    taxpayer for any tax imposed by subtitle A or
    B, the Secretary shall have the burden of
    proof with respect to such issue.

        (2) Limitations.--Paragraph (1) shall
    apply with respect to an issue only if--

            (A) the taxpayer has complied
        with the requirements under this
        title to substantiate any item;

            (B) the taxpayer has
        maintained all records required
        under this title and has cooperated
        with reasonable requests by the
        Secretary for witnesses,
        information, documents, meetings,
        and interviews; * * *

    [4] The text of the statute requires that the taxpayer satisfy
the remaining (credible evidence) requirement as a condition of
placing the burden of proof upon respondent.

is on the Secretary.").  The legislative history provides further

as to the term "credible evidence", which is not defined in the

statute, that

> Credible evidence is the quality of evidence which,
> after critical analysis, the court would find
> sufficient upon which to base a decision on the issue
> if no contrary evidence were submitted (without regard
> to the judicial presumption of IRS correctness).  A
> taxpayer has not produced credible evidence for these
> purposes if the taxpayer merely makes implausible
> factual assertions, frivolous claims, or tax
> protestor-type arguments.  The introduction of evidence
> will not meet this standard if the court is not
> convinced that it is worthy of belief.  If after
> evidence from both sides, the court believes that the
> evidence is equally balanced, the court shall find that
> the Secretary has not sustained his burden of proof.
> [Id. at 240-241, 1998-3 C.B. at 994-995.]

We have in previous cases involving section 7491 applied the

definition of the term "credible evidence" as discerned from the

legislative history.  E.g., Higbee v. Commissioner, 116 T.C. 438,

442-443 (2001); Forste v. Commissioner, T.C. Memo. 2003-103;

Managan v. Commissioner, T.C. Memo. 2001-192.  We do likewise

here.  We conclude that section 7491(a) does not apply here to

place the burden of proof upon respondent in that petitioner has

failed to introduce during this proceeding credible evidence on

any factual issue.  We note that section 7491(a) also is

inapplicable here in that we do not find that petitioner

maintained adequate records, satisfied applicable substantiation

requirements, or cooperated with the Commissioner.

## 2.  Period of Limitations

Section 6501(a) generally gives the Commissioner 3 years from the date on which a return is filed to assess a tax as to that return.  Petitioner filed his 1997 tax return with the Commissioner on March 26, 1999, and the Commissioner mailed the subject notice of deficiency to petitioner on February 21, 2002. We conclude that respondent's issuance to petitioner of the notice of deficiency for 1997 was within the 3-year period of section 6501(a).[5]

## 3.  Self-Employment Expenses

In addition to the general burden of proof discussed above, petitioner must prove his entitlement to any deduction, e.g., by maintaining sufficient records to substantiate his claimed deductions.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Lychuk v. Commissioner, 116 T.C. 374, 384 (2001); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Petitioner's burden requires that he introduce sufficient evidence to: (1) Make a prima facie case establishing that respondent committed the errors alleged in the petition and (2) overcome the evidence favorable to respondent.  See Lobe v. Commissioner, T.C. Memo. 2001-204; Lawler v. Commissioner, T.C. Memo. 1995-26.

---

[5] Petitioner asserts on brief that he mailed his 1997 return to the Commissioner on Apr. 20, 1998, and that the return filed on Mar. 26, 1999, was simply a copy of that return.  We find these assertions unsupported by the credible evidence in the record and decline to rely upon them.

Petitioner has failed to carry his burden of proof as to this issue. The record does not disprove respondent's determination as to the self-employment expenses, as adjusted by respondent's concessions at trial. We sustain that determination, as adjusted. <u>Lobe v. Commissioner</u>, T.C. Memo. 2001-204 (and cases cited therein).

4. <u>NOL Deduction</u>

Section 172 allows a taxpayer to deduct an NOL for a taxable year. The amount of the NOL deduction equals the sum of the NOL carryovers plus NOL carrybacks to that year. Sec. 172(a). Absent an election to the contrary, an NOL for any taxable year must first be carried back 3 years and then carried over 15 years. Sec. 172(b)(1)(A), (2), and (3).[6] Petitioner, as a taxpayer attempting to deduct an NOL, bears the burden of establishing both the existence of the NOL and the amount of any NOL that may be carried over to 1998. Rule 142(a)(1); <u>United States v. Olympic Radio & Television, Inc.</u>, 349 U.S. 232, 235 (1955); <u>Keith v. Commissioner</u>, 115 T.C. 605, 621 (2000). Such a deduction is a matter of legislative grace; it is not a matter of right. <u>United States v. Olympic Radio & Television, Inc.</u>, <u>supra</u> at 235; <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940).

---

[6] In 1997, sec. 172(b)(1)(A) was amended to generally require a 2-year carryback and a 20-year carryover for NOLs incurred in taxable years beginning after Aug. 5, 1997. Neither party asserts that this amendment is applicable here, and we conclude it is not.

Petitioner claimed on his return that the NOL applied in 1998 arose in 1994 through 1997. The record does not establish that petitioner incurred an NOL in any of those years. We sustain respondent's determination as to this issue.

5. Dependency Exemptions/Filing Status

Section 152(a) allows a taxpayer such as petitioner to treat a son and a daughter as dependents if the taxpayer provided during the taxable year more than half of the support of each. See also sec. 151(a), (c) (individual taxpayer may deduct an exemption amount for each of his or her dependents). Support generally includes amounts used for a dependent's food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. To meet the support test required as to a dependent, a taxpayer must show: (1) The total amounts received by the dependent from all sources, (2) the amounts actually applied for the support of the dependent, (3) the sources which contributed to the total support costs expended on behalf of the dependent, and (4) that the taxpayer provided over half of the total expenditures for the dependent's support. Barnes v. Commissioner, T.C. Memo. 1986-585.

Petitioner has not persuaded us that he provided more than one-half of the support of either Keauna or Zik. We conclude that he is not entitled to treat either of them as his dependent. We also conclude that petitioner may not file as head of

household.  Under section 2(b)(1)(A)(i), an individual such as petitioner will qualify for head of household status if he maintains as his home a household that is the principal place of abode of a son or daughter for more than one-half of the taxable year.  The record establishes that petitioner did not reside with Keauna during the subject years and does not establish that Zik resided with him either.

6.  Addition to Tax/Accuracy-Related Penalties

Section 6651(a)(1) imposes an addition to tax for failing to file a return on or before the specified filing date unless it is shown that this failure is due to reasonable cause and not due to willful neglect.  Reasonable cause may exist if a taxpayer exercised ordinary business care and prudence and was nonetheless unable to file the return within the date prescribed by law. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect means a "conscious, intentional failure or reckless indifference."  United States v. Boyle, 469 U.S. 241, 245 (1985).

Section 6662(a) imposes a penalty of 20 percent on the portion of an underpayment of tax attributable to, among other things, a substantial understatement of tax.  Sec. 6662(b)(1) and (2).  A substantial understatement of tax is one that exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  An accuracy-related penalty does not apply to any portion of an understatement as to

which the facts and circumstances show that the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to this addition to tax and these accuracy-related penalties. Sec. 7491(c). In order to meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose these items. Once respondent has done so, the burden of proof is upon petitioner. Higbee v. Commissioner, 116 T.C. at 449.

Respondent has satisfied his burden of production with respect to the addition to tax in that the record establishes that petitioner filed his 1997 tax return after its due date. Respondent has also satisfied his burden of production with respect to the section 6662(a) accuracy-related penalties to the extent that the record establishes that petitioner understated his tax for each of the subject years by the greater of 10 percent of the tax required to be shown on the return or $5,000. With regard to both the addition to tax and the accuracy-related penalties, petitioner must establish reasonable cause in order to prevail. Id. Petitioner filed his 1997 tax return more than 11 months after the due date, and he has presented no evidence establishing that his failure to file that return timely was due to reasonable cause and not due to willful neglect. Petitioner has also failed to introduce any evidence establishing that he

acted with reasonable cause or in good faith with respect to the items underlying the accuracy-related penalties.  We sustain respondent's determination as to the addition to tax and the accuracy-related penalties (to the extent that the parties computation(s) under Rule 155 establishes that petitioner understated his tax for each of the subject years by the greater of 10 percent of the tax required to be shown on the return or $5,000).

All arguments made by the parties and not discussed herein have been rejected as meritless.  To reflect concessions,

<u>Decision will be</u>

<u>entered under Rule 155</u>.