T.C. Memo. 2003-254

UNITED STATES TAX COURT

NIMFA C. MOLINA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8989-02.                    Filed August 25, 2003.

Nimfa C. Molina, pro se.

<u>Angelique M. Neal</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine
respondent's determination of a $20,177 deficiency in her 1997
Federal income tax.  We decide the following issues as to 1997:

1.  Whether petitioner may deduct three dependency
exemptions in addition to one for herself.  We hold she may.

2. Whether petitioner may file as "Head of Household". We hold she may.

3. Whether petitioner may deduct certain disputed itemized amounts. We hold she may to the extent stated herein.

FINDINGS OF FACT

Some facts were stipulated. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. We find the stipulated facts accordingly. Petitioner resided in Downey, California, when her petition was filed. During 1997, she received wages of $84,515 working as a nurse.

During 1997, petitioner lived in a house (house). She and her former boyfriend, Danilo P. Lodevico (Lodevico), had bought the house before 1994 and had titled it in both of their names. Petitioner always made all of the mortgage and tax payments on the house, and Lodevico never gave any money to her for household or support expenses. In 1994, Lodevico moved out of the house and conveyed his interest in the house to petitioner by quitclaim deed. Petitioner did not record that deed because she believed that it was too expensive to do so.

Petitioner filed with respondent a 1997 Federal income tax return using the filing status of "Head of Household". That return was prepared by a paid preparer. Petitioner reported on the return that her dependents were Abigail Lodevico (Abigail), Escolastica Cauilan (Escolastica), and Erica Molina (Erica).

Abigail, the daughter of petitioner and Lodevico, was born on June 14, 1982, and lived with petitioner during all of 1997. Abigail depended on petitioner during 1997 for the payment of all of her expenses. Escolastica, who died in 1998, was petitioner's elderly grandmother. Escolastica lived with petitioner during all of 1997 and depended on petitioner for the payment of all of her expenses. Erica was petitioner's young niece. Erica's parents (petitioner's brother and his wife) resided in New Jersey, and petitioner took care of Erica during all of 1997. During 1997, Erica depended on petitioner for the payment of substantially all of her expenses. Erica's parents during that year were experiencing problems with another child of theirs who is autistic. Erica was reunited with her parents in 1998 after having lived with petitioner for approximately 18 months.

Petitioner also reported on her 1997 return that she was entitled to deduct certain itemized amounts. These deductions were for medical expenses of $10,243, State and local income taxes of $3,798, real estate taxes of $4,900, personal property taxes of $1,356, mortgage interest of $37,919, charitable contributions of $11,490, unreimbursed employee business expenses of $15,589, and tax return preparation fees of $150. Petitioner reported that the specific unreimbursed business expenses were union and professional dues of $885, professional subscriptions of $450, uniforms and protective clothing of $3,782,

"CE/BOOKS/TUITION/EQUIPMENT/BEEPER/CELLULAR" of $3,452, and "TRAVEL/LODGING" of $7,020.

In the notice of deficiency, respondent disallowed petitioner's deductions of each of the claimed itemized amounts, disallowed her claimed dependency exemptions for Abigail, Escolastica, and Erica, and changed petitioner's filing status to "Single".  The notice of deficiency states as to these disallowances and change:

> We have disallowed the amount(s) shown on your return because you did not contact us or keep your scheduled appointment.  If you will contact our office, we will arrange a time convenient for you to come in so we can reconsider the proposed adjustment.

Respondent conceded at trial that petitioner may deduct State and local income taxes of $3,798.

During 1997, petitioner paid medical expenses of $10,000. This amount included dental services to repair the bridge of petitioner's mouth and to remove one or more of Abigail's wisdom teeth.  This amount also included medical services connected with a stroke suffered by Escolastica.

During 1997, petitioner paid $150 to her tax return preparer for tax preparation services.  During 1998, Associated Home Equity Services, Inc., issued to petitioner a 1997 Form 1098, Mortgage Interest Statement, reporting that she alone had paid $20,919 of mortgage interest to it during 1997.

OPINION

1.  <u>Burden of Proof</u>

Taxpayers generally must prove the Commissioner's determinations wrong in order to prevail.  Rule 142(a)(1);[1] <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  As one exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue if the taxpayer maintained adequate records, satisfied applicable substantiation requirements, cooperated with the Commissioner, and introduced during the court proceeding credible evidence on the factual issue.  The legislative history of section 7491(a) clarifies that taxpayers must prove that they have satisfied the adequate records, substantiation, and cooperation requirements before that section places the burden of proof upon the Commissioner.  H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 994 ("The taxpayer has the burden of proving that it meets each of these conditions, because they are necessary prerequisites to establishing that the burden of proof is on the Secretary."); see also <u>Prince v. Commissioner</u>, T.C. Memo. 2003-247.

We do not find that petitioner maintained adequate records, satisfied applicable substantiation requirements, or cooperated

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure.  Section references are to the applicable versions of the Internal Revenue Code.

with respondent.  Accordingly, we hold that section 7491(a) does not apply here to place the burden of proof upon respondent.

2.  Dependency Exemptions/Filing Status

Section 152(a) allows a taxpayer to treat certain individuals (e.g., daughter, grandmother, niece) as dependents if the taxpayer provided during the taxable year over half of their support.  See also sec. 151(a), (c) (taxpayer may deduct an exemption amount for each dependent).  Support generally includes amounts used for a dependent's food, shelter, clothing, medical and dental care, education, and the like.  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Respondent argues that petitioner is not entitled to deduct dependency exemptions for Abigail, Escolastica, and Erica because, respondent asserts, petitioner has not presented credible evidence that these individuals lived with her or that she provided more than half of their support.  We disagree with this argument and these assertions.  Petitioner testified credibly and without contradiction as to both of these points, and respondent did not challenge this testimony either on cross-examination or through the presentation of other evidence.  In fact, as to the claimed dependents, the full extent of respondent's cross-examination was as follows:

Q  Ms. Molina, what was your niece's name?

A  Erica Molina.

Q  Erica?

A  Uh-huh.

Q  And she lived with you here in California?

A  Yes.

Q  And your sister-in-law and your brother, where do they live?

A  They live in New Jersey.

Q  New Jersey. * * *

Respondent argues on brief that the Court generally does not rely upon an individual taxpayer's testimony to meet his or her burden of proof.  However, petitioner's testimony is credible, uncontroverted, and not improbable.  See Diaz v. Commissioner, 58 T.C. 560 (1972) (taxpayer's testimony sufficient to meet burden of proof); Am. Underwriters, Inc. v. Commissioner, T.C. Memo. 1996-548 (same).  Contrary to respondent's argument, the Court will not disregard petitioner's uncontroverted testimony simply because she is an interested witness.

We also conclude from the record that petitioner may file as head of household.  Under section 2(b)(1)(A)(i), an individual such as petitioner will qualify for head of household filing status if she maintains as her home a household that is the principal place of abode of certain family members (e.g., a daughter) for more than one-half of the taxable year.  The record establishes that petitioner resided with all three of her

dependents during all of 1997 and that she furnished all of the household's support during that year.

3. <u>Itemized Amounts</u>

Petitioner has met her burden only as to some of the claimed itemized amounts. The record establishes that petitioner is entitled to deduct, in addition to the $3,798 of State and local income taxes conceded by respondent, $20,919 of mortgage interest, $10,000 of medical expenses, $150 for tax preparation, and $4,900 for real estate taxes. As to the latter amount, we do not understand respondent to challenge that $4,900 of real estate taxes was paid in 1997 as to the house, but only that petitioner (as opposed to Lodevico) paid these taxes. We find as a fact that Lodevico did not pay those taxes and that petitioner did.

All arguments made by the parties and not discussed herein have been rejected as meritless.

<u>Decision will be</u>

<u>entered under Rule 155</u>.