T.C. Memo. 2003-321

UNITED STATES TAX COURT

RAFAEL M. GUTIERREZ AND ROSARIO GUTIERREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11393-02.                    Filed November 20, 2003.

<u>Jeffrey D. Moffatt</u>, for petitioners.

<u>Jean Song</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  Petitioners petitioned the Court to
redetermine a $43,812 deficiency in their 1998 Federal income tax
and an accuracy-related penalty of $8,762.40 under section

6662(a).[1]  After concessions, we decide the following issues:

1.  Whether the burden of proof has been shifted to respondent by virtue of section 7491(a).  We hold that the burden of proof remains with petitioners.

2.  Whether petitioners underreported their Schedule C, Profit or Loss From Business, gross receipts by $137,221.  We hold that they did.

3.  Whether petitioners are liable for the accuracy-related penalty under section 6662(a).  We hold that they are.

FINDINGS OF FACT

Some facts were stipulated.  The stipulated facts and the accompanying exhibits are incorporated herein by this reference.  We find the stipulated facts accordingly.  Petitioners are married individuals who filed a joint 1998 Federal income tax return.  When the petition was filed, petitioners resided in Palmdale, California.

During 1998, petitioner[2] owned and operated as a sole proprietorship a billiard hall named Playa Azul.  Petitioners also owned certain residential rental real estate.  On their 1998 tax return, petitioners reported total income of $95,373.  Of

---

[1] Section references are to the applicable version of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

[2] When used in a singular form, the term "petitioner" refers to Rafael M. Gutierrez.

that amount, $59,584 was attributable to the sole proprietorship, $27,300 was attributable to the rental real estate, $7,839 was attributable to wages received by petitioner, and $650 was attributable to interest income. During the subject year, petitioners maintained five accounts with two banks, Home Savings and Cal Fed.

Respondent examined petitioners' 1998 Federal income tax return. In connection therewith, respondent considered petitioners' bank statements and cash transaction reports. Respondent determined from these statements and reports that petitioners underreported the gross receipts of the billiard hall sole proprietorship by $137,221.

Petitioners concede that they received $137,221, yet did not disclose it on their 1998 return.[3] They allege that this amount represents the proceeds from a 1997 sale to petitioner's brother of a market petitioners owned in Mexico. According to petitioners, they did not pay taxes in Mexico on the proceeds from that sale because they sold the market at its cost and hence presumably owed no taxes on the transaction. Petitioners claim that they are now insulated by a Treaty between United States and

---

[3] Petitioners conceded the $2,600 of the total deficiency amount solely for the purpose of qualifying this case for small tax case procedure and made an appropriate request in their petition. Ultimately, however, this case was not tried as a small tax case.

Mexico (Treaty)[4] from being taxed by the United States on their receipt of the $137,221. Petitioners testified that the $137,221 was reported incrementally to the Immigration and Naturalization Service upon each entry by petitioner into the United States, but they failed to present any admissible evidence in this proceeding to corroborate that testimony. They sought to introduce into evidence various documents in Spanish, which they claimed would have verified the alleged sale and the subsequent reporting of same to the Mexican authorities. However, petitioners were barred from using these documents at trial because they did not translate and properly authenticate them.

OPINION

I. Burden of Proof as to Deficiency

Taxpayers generally must prove respondent's determinations wrong in order to prevail. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one exception to this rule, section 7491(a) places upon respondent the burden of proof with respect to any factual issue related to a taxpayers' tax liability if they maintained adequate records, satisfied applicable substantiation requirements, cooperated with respondent, and introduced during the court proceeding credible evidence on the

---

[4] Petitioners refer to the Convention & Protocol for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, Sept. 18, 1992, U.S. - Mex., S. Treaty Doc. No. 103-07, reprinted in 2 Tax Treaties (CCH) at 5903.

factual issues.[5]  Prince v. Commissioner, T.C. Memo. 2003-247.
The legislative history of section 7491(a) clarifies that
taxpayers must prove that they have complied with the record-
keeping, substantiation, and cooperation requirements before that
section places the burden of proof upon the Commissioner.[6]  H.
Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993 ("The
taxpayer has the burden of proving that it meets each of these

_____

[5] The relevant language of sec. 7491 provides:

SEC. 7491. BURDEN OF PROOF.

    (a) Burden Shifts Where Taxpayer Produces Credible
Evidence.--

        (1) General rule.--If, in any court
    proceeding, a taxpayer introduces credible
    evidence with respect to any factual issue
    relevant to ascertaining the liability of the
    taxpayer for any tax imposed by subtitle A or
    B, the Secretary shall have the burden of
    proof with respect to such issue.

        (2) Limitations.--Paragraph (1) shall
    apply with respect to an issue only if--

        (A) the taxpayer has complied
    with the requirements under this
    title to substantiate any item;

        (B) the taxpayer has
    maintained all records required
    under this title and has cooperated
    with reasonable requests by the
    Secretary for witnesses,
    information, documents, meetings,
    and interviews; * * *

[6] The text of the statute requires that the taxpayer satisfy
the remaining (credible evidence) requirement as a condition of
placing the burden of proof upon respondent.

conditions, because they are necessary prerequisites to establishing that the burden of proof is on the Secretary."). The legislative history provides further as to the term "credible evidence", which is not defined in the statute, that

> Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness). A taxpayer has not produced credible evidence for these purposes if the taxpayer merely makes implausible factual assertions, frivolous claims, or tax protestor-type arguments. The introduction of evidence will not meet this standard if the court is not convinced that it is worthy of belief. If after evidence from both sides, the court believes that the evidence is equally balanced, the court shall find that the Secretary has not sustained his burden of proof. [Id. at 240-241, 1998-3 C.B. at 994-995.]

We have in previous cases involving section 7491 applied the definition of the term "credible evidence" as discerned from the legislative history. E.g., Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001); Forste v. Commissioner, T.C. Memo. 2003-103; Managan v. Commissioner, T.C. Memo. 2001-192. We do likewise here. We conclude that section 7491(a) does not apply to place the burden of proof upon respondent in that petitioners have failed to introduce during this proceeding credible evidence on any factual issue. Petitioners' testimony, the only evidence in the record as to this subject, lacked credibility in that it was inconsistent and incoherent.

We also note that section 7491(a) is inapplicable here in that we do not find that petitioners maintained adequate records or satisfied applicable substantiation requirements. See Prince v. Commissioner, supra. We hold that the burden of proof remains with petitioners.

## II. Understatement of Income

The deficiency determination made by respondent enjoys the presumption of correctness, and the burden of proving otherwise rests with petitioners. Rule 142(a); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). However, in the case of underreported income, the usual presumption in favor of respondent arises only if respondent's allegations are supported by a minimal factual foundation linking the taxpayer with an income-producing activity. Palmer v. United States, 116 F.3d 1309, 1313 (9th Cir. 1997).

Here, respondent has established that petitioners, in 1998, (1) had been engaged in an income-producing activity, to wit, their ownership and operation of the billiard hall and (2) had accumulated net deposits in the amount of $266,186, which is greater than the amount reported by them as taxable income by $137,221. Petitioners do not contest either the fact that they had owned and operated Playa Azul, or the fact that their bank deposits are in excess of their taxable income by the amount claimed by respondent.

In the absence of adequate record-keeping by petitioners, which is mandated by section 6001, the Commissioner is authorized to reconstruct petitioners' income by any reasonable method that clearly reflects income. See, e.g., sec. 446(b); Holland v. United States, 348 U.S. 121, 130-132 (1954); Cracchiola v. Commissioner, 643 F.2d 1383, 1385 (9th Cir. 1981), affg. per curiam T.C. Memo. 1979-3. One of the acceptable methods of reconstructing income is the bank deposits method. Clayton v. Commissioner, 102 T.C. 632, 645 (1994); DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992). Bank deposits are considered prima facie evidence of income, and respondent need not prove a likely source of that income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, 64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Under the bank deposits method, it is assumed that all money deposited in petitioners' bank accounts during the period in question, minus any money coming from a nontaxable source and deductible expenses known by the Commissioner, constitutes taxable income. Clayton v. Commissioner, supra at 645-646.

Petitioners do not dispute the existence of the excess amount in their bank accounts as calculated by respondent, and they fail to establish why this amount should not be taxed. Petitioners assert that the excess amount represents the proceeds

from the sale of a market in Mexico to petitioner's brother. They further contend that they have complied with the applicable laws and regulations with respect to that sale in Mexico.[7] Therefore, according to petitioners, the excess amount in question is not taxable in the United States pursuant to the Treaty, as well as by virtue of sections 871 and 992.

Petitioners presented no admissible evidence to support any of their contentions. Their testimony is without merit because it is inconsistent, incoherent, and unreliable. For example, petitioner testified that his brother still owed him in 1998 approximately $130,000 from the purported sale. He also testified that in 1998 he brought from Mexico $175,000, which is a larger amount than what his brother allegedly owed him at that time. Because petitioners claim no other source of the excess amount besides the sale of the market to petitioner's brother, these two parts of testimony are irreconcilable.

Furthermore, if anything, petitioners' testimony supports the conclusion opposite from their contentions. For instance, although petitioner testified that he paid taxes in Mexico, he also stated that he did not report income from sale of the business to his brother to any authority in Mexico. Whatever legitimate explanation may exist for that fact, it certainly

---

[7] Petitioners state that they owed no taxes on the transaction because they sold the market at its cost.

undermines petitioners' contentions that their income would be doubly taxed if they were to pay taxes on the proceeds from that sale in the United States.

Petitioners failed to corroborate their testimony by any documentary evidence. They attempted to introduce several documents in Spanish, which allegedly would have confirmed the existence of a contract between petitioner and his brother for the sale of the market, as well as petitioners' written communications with the Mexican Government in connection with that sale and other tax-related matters. Because petitioners failed to properly translate and authenticate the documents in question, despite the Court's order to do so, they were barred from using them at trial.

Aside from petitioners' failure to substantiate their contentions with respect to the foreign source of the unreported income, their reliance on the Treaty to avoid the U.S. tax is misguided. By filing a joint Federal income tax return for 1998, petitioners in effect admitted that neither of them was a nonresident alien during the year in question. See sec. 6013(a)(1). To the extent petitioners contend that they were not U.S. residents during 1998, they presented no evidence to that effect. Consequently, by virtue of the Treaty, petitioners are entitled to no exemption from U.S. tax, but only to a foreign tax credit for income taxes paid to the Mexican Government.

Petitioners proffered no evidence to prove such payment.
Therefore, as U.S. citizens or residents, petitioners must pay
U.S. taxes in full, and the Treaty provides no relief to them in
the present case.

We observe that despite petitioners' allegations, sections
871 and 992 have no application here.  Section 871 does not apply
because petitioners are residents of the United States.
Likewise, section 992 does not apply because petitioners'
billiard hall was not a corporation.

In view of the above, we hold that petitioners have failed
to establish that the excess bank deposits came from a nontaxable
source or were otherwise exempt from U.S. tax.  Accordingly, we
sustain respondent's determination with respect to the unreported
income in the amount of $137,221.

III. Accuracy-Related Penalty

Section 6662 provides that a taxpayer may be liable for a
penalty of 20 percent on the portion of an underpayment which is
attributable to, among other things, substantial understatement
of tax.[8]  The term "understatement" for that purpose means the
excess of the amount of tax required to be shown on the return
for the taxable year, over the amount of tax imposed which is

---

[8] Respondent also alleged negligence on part of petitioners
for the purpose of providing an additional ground for imposing an
accuracy-related penalty.  In that we decide the accuracy-related
penalty issue on the basis of understatement, we need not and do
not address this argument.

shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). The term "substantial understatement" is defined as the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $5,000. Sec. 6662(d)(1)(A). Also, the amount of understatement is reduced to the extent it is attributable to a position (1) for which there is substantial authority, or (2) which the taxpayer adequately disclosed on his return and for which there is reasonable basis. Sec. 6662(d)(2)(B). We do not find that either of these conditions applies here. Accordingly, the base to which the accuracy-related penalty would apply equals the full underpayment, or $43,812 in this case.

The penalty may not be imposed with respect to an underpayment if the taxpayer's actions regarding it can be justified by a reasonable cause and were in good faith. Sec. 6664(c)(1). Pertinent facts and circumstances determine whether this exculpatory provision applies in a particular case. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent bears the burden of production with respect to the accuracy-related penalty. Sec. 7491(c). In order to meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose this penalty. Once respondent has done so, the burden of proof is upon petitioners to establish reasonable cause and good faith. Higbee v.

Commissioner, 116 T.C. 438, 449 (2001).

Here, respondent has satisfied his burden of production by showing that petitioners' understatement was substantial as it exceeded the requisite statutory amount. Petitioners have not established that their failure to pay Federal income tax liability in full was due to a reasonable cause. The record is devoid of any reliable evidence in favor of the conclusion urged by petitioners; namely, that the excess bank deposit amount was not subject to U.S. tax. Petitioners gave inconsistent and incoherent testimony and failed to comply with the Court's requests to have the documents proffered by them properly translated and certified, so as to render them admissible. Accordingly, we hold the "reasonable cause" exception inapplicable and sustain the imposition of the substantial understatement penalty.

We have considered all arguments made by the parties and have rejected those arguments not discussed herein as irrelevant or without merit.

Decision will be entered

for respondent