T.C. Memo. 2013-137

UNITED STATES TAX COURT

BENJAMIN J. ASHMORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1146-12.                     Filed May 30, 2013.

Benjamin J. Ashmore, pro se.

<u>Robert W. Mopsick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $8,601 in

petitioner's Federal income tax and an accuracy-related penalty of $3,387 pursuant

to section 6662(a) for his 2009 tax year.[1]  Before trial, respondent conceded the

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

[*2] issue of whether petitioner failed to report on his 2009 tax return cancellation of indebtedness income of $4,200. Additionally, during trial, petitioner conceded the issue of whether he failed to report on his 2009 tax return wage income of $20,567. Therefore, the only remaining issue that we must decide is whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a).

## FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The parties' stipulated facts are incorporated in this opinion by reference and are found accordingly. At the time of filing the petition, petitioner resided in New Jersey.

Petitioner has been employed since 2004 as a senior policy analyst for the U.S. Department of Housing and Urban Development (HUD), for which he regularly deals with numbers, formulas, and details. Petitioner has earned two master's degrees, one in public policy and the other in business administration.

From 2007 to 2010, petitioner was involved in divorce proceedings. Those proceedings took place in two different States in two courts, involving 43 motions

---

[1](...continued)
Code of 1986, as amended (Code) and in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] and two separate trials lasting at least 24 days. Petitioner represented himself during those proceedings.

On August 6, 2008, Accounting Resources, Inc. (Accounting Resources), contracted with HUD to administer petitioner's payroll for his employment with HUD. Accounting Resources is a staffing agency that provided staffing to HUD under the provisions of section 8(a) of the Small Business Act. Eliot Lugo is the principal of Accounting Resources. Petitioner never received from Accounting Resources a Form W-2, Wage and Tax Statement, relating to a portion of the wages he earned during 2008 through his employment at HUD, and did not report that portion of his 2008 wages on his 2008 Federal income tax return.

Sometime after January 1, 2009, but before February 1, 2009, petitioner changed his residence from Brooklyn, New York, to his current residence in Ramsey, New Jersey. On February 20, 2009, petitioner sent a message to Mr. Lugo to determine how to change his residence from New York to New Jersey for purposes of State withholding taxes. Mr. Lugo replied that he would make the necessary changes. Petitioner then reconfirmed with Mr. Lugo that it was petitioner's belief that his withholdings for State and local tax purposes should change to reflect his move from New York to New Jersey.

**[*4]**  For his 2009 tax year, petitioner earned $117,464 in wages from his employment at HUD.  Petitioner earned more during 2009 than during any previous year of his employment with HUD.  Petitioner estimated that he earned between $57,000 and $81,000 annually in prior years.

Petitioner was issued three separate Forms W-2 for his wages earned in 2009.  Accounting Resources issued two Forms W-2.  The first Form W-2 from Accounting Resources related to wages of $9,319 that petitioner earned from January 5 to February 9, 2009, and reported income tax withholdings of $391 and $299 to the State of New York and the City of New York, respectively, and Federal income tax withholding of $121.  The second Form W-2 from Accounting Resources related to wages of $20,567 that petitioner earned from February 17 to May 26, 2009, and reported income tax withholding of $570 to the State of New Jersey and Federal income tax withholding of $170 (second Form W-2).  The third Form W-2, issued by CGI Federal, Inc., related to wages of $87,578 that petitioner earned from May 28 to December 24, 2009, and reported income tax withholding of $4,892 to the State of New Jersey and Federal income tax withholding of $8,684.  On his 2009 Federal income tax return, petitioner reported wages of $96,897 and Federal income tax withholdings of $17,990.

[*5]   On October 18, 2010, respondent sent to petitioner a notice of deficiency for his 2008 tax year, determining that petitioner had failed to report earnings on his 2008 Federal income tax return and determining an accuracy-related penalty pursuant to section 6662(a).  On January 11, 2011, petitioner filed a petition with this Court challenging respondent's contentions.  On October 11, 2011, respondent sent to petitioner a notice of deficiency regarding his 2009 tax year, determining an income tax deficiency of $8,601 and an accuracy-related penalty pursuant to section 6662(a) of $3,387.  On December 19, 2011, pursuant to an agreement between the parties, this Court entered an order and decision deciding that petitioner owed a deficiency of $5,325 for his 2008 tax year, but did not owe an accuracy-related penalty pursuant to section 6662(a) for that tax year.

## OPINION

Section 6662(a) imposes an accuracy-related penalty of 20% of any underpayment that is attributable to causes specified in subsection (b).  Subsection (b) applies the penalty to any underpayment attributable to, inter alia, a "substantial understatement" of income tax.  An "understatement" is the excess of the amount of tax required to be shown on the return over the amount of tax that is actually shown on the return.  Sec. 6662(d)(2)(A).  A "substantial understatement" of income tax exists if the amount of the understatement for the taxable year

**[*6]** exceeds the greater of (1) 10% of the tax required to be shown on the return or (2) $5,000. Sec. 6662(d)(1)(A).

Generally, the Commissioner bears the burden of production with respect to any penalty, including the accuracy-related penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. at 446. However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of substantial authority or reasonable cause under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

On his tax return, petitioner reported a tax due of $2,616. Before trial, respondent contended that petitioner was required to report a tax due of $10,900. However, respondent's calculation of the amount of tax required to be shown on the return did not account for respondent's concession of cancellation of indebtedness income of $4,200. Consequently, the exact amount of petitioner's understatement will depend on Rule 155 computations, which we order below. To the extent that those computations establish that petitioner has a substantial

**[\*7]** understatement of income tax, respondent has met his burden of production.[2]

See Bogue v. Commissioner, T.C. Memo. 2011-164, 2011 WL 2709818, at \*17;

Prince v. Commissioner, T.C. Memo. 2003-247, 2003 WL 21957994, at \*5.

The amount of an understatement on which the penalty is imposed will be reduced by the portion of the understatement that is attributable to the tax treatment of an item (1) that was supported by "substantial authority" or (2) for which the relevant facts were "adequately disclosed in the return or in a statement attached to the return". Sec. 6662(d)(2)(B). Petitioner does not argue that the amount of his understatement should be reduced because he had substantial authority for an item or because his position with respect to an item was adequately disclosed. Accordingly, we do not reduce petitioner's understatement pursuant to section 6662(d)(2)(B).

---

[2]For the first time on brief, respondent contends that "petitioner's omission of income and his overstatement of withholding demonstrate negligence in the preparation of his 2009 tax return." However, theories raised for the first time on brief are untimely and will not be considered. Rollert Residuary Trust v. Commissioner, 80 T.C. 619, 636 (1983), aff'd on other issues, 752 F.2d 1128 (6th Cir. 1985); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975); Estate of Mandels v. Commissioner, 64 T.C. 61, 73 (1975); Slone v. Commissioner, T.C. Memo. 2012-57, 2012 WL 691401, at \*8 n.7. Accordingly, in the instant case, we will not address the issue of whether petitioner was negligent in the preparation of his 2009 tax return.

**[*8]**    Additionally, section 6664(c)(1) provides that the accuracy-related penalty shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion.  The determination of whether a taxpayer acted with reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year.  Id.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.  Taxpayers demonstrate reasonable cause when they exercise ordinary business care and prudence.  Richardson v. Commissioner, 125 F.3d 551, 558 (7th Cir. 1997), aff'g T.C. Memo. 1995-554.

Petitioner contends that he never received the second Form W-2 for his wages of $20,567 earned from February 17 to May 26, 2009, and, therefore, did not include these wages on his 2009 Federal income tax return.  Petitioner suggests that the missing Form W-2 for 2008 and the second Form W-2 for 2009

**[*9]** are indicative of widespread errors by Accounting Resources that constitute reasonable cause that prevents the application of the section 6662(a) accuracy-related penalty. We disagree. A taxpayer's reliance on erroneous information reported on a Form W-2 indicates reasonable cause and good faith, provided the taxpayer did not know or have reason to know that the information was incorrect. Sec. 1.6664-4(b)(1), Income Tax Regs. However, we have previously held that the nonreceipt of a tax document, e.g., a Form W-2, does not excuse a taxpayer from his or her duty to report the income, see, e.g., Scott v. Commissioner, T.C. Memo. 1997-507 (nonreceipt of Schedule K-1 and Form 1099), aff'd without published opinion, 182 F.3d 915 (5th Cir. 1999); Dennis v. Commissioner, T.C. Memo. 1997-275 (nonreceipt of Form 1099); Healey v. Commissioner, T.C. Memo. 1996-260 (nonreceipt of partnership return and Form 1099); Du Poux v. Commissioner, T.C. Memo. 1994-448 (nonreceipt of Forms W-2 and 1099-MISC); Krzepina v. Commissioner, T.C. Memo. 1993-356 (nonreceipt of Schedule K-1), nor does it constitute reasonable cause to prevent application of a section 6662(a) accuracy-related penalty, see Deas v. Commissioner, T.C. Memo. 2000-204 (nonreceipt of Schedule K-1 did not constitute reasonable cause where taxpayer failed to report partnership income). Accordingly, we conclude that petitioner's contention that he did not receive the second Form W-2, regardless of

[*10] whether any nonreceipt was due to errors by Accounting Resources, does not establish reasonable cause.

Moreover, we disagree with petitioner's contentions that, because of errors by Accounting Resources, he could not have known of the existence of the second Form W-2 at the time he filed his 2009 Federal income tax return and that the earliest he could have known about the missing second Form W-2 was on December 19, 2011, at the conclusion of this Court's proceeding for his 2008 tax year and after he had already received a notice of deficiency from respondent for his 2009 tax year. Petitioner notified Accounting Resources on February 20, 2009, to change his State tax withholding from New York to New Jersey. When petitioner received a 2009 Form W-2 from Accounting Resources that did not include tax withholding for New Jersey, he should have realized that the Form W-2 was incorrect or that an additional Form W-2 was forthcoming. Additionally, petitioner had received a notice of deficiency for his 2008 tax year on October 18, 2010. As of that time, respondent had not sent to petitioner a notice of deficiency for his 2009 tax year and, therefore, petitioner had sufficient opportunity to file an amended tax return for his 2009 tax year. Upon receipt of the 2008 notice of deficiency and subsequent inspection of his 2008 tax return, petitioner should have realized that he did not receive from Accounting Resources a Form W-2 for

**[*11]** his 2008 tax year, which should have alerted him to double-check the 2009 Forms W-2 issued by Accounting Resources and wages reported for his 2009 tax year. Petitioner failed to do so. On the basis of the foregoing, we conclude that petitioner should have known of the missing second Form W-2 and that Accounting Resources' errors do not constitute reasonable cause.

Petitioner also contends that it was impossible for him to determine his exact annual wages because his earnings, which were based on congressional appropriations, fluctuated during 2009. Petitioner testified that there was no reason for him to question the earnings as reported to him on the Forms W-2 because the amount he thought he earned during 2009 (i.e., $96,897) exceeded the approximately $57,000 to $81,000 that he had received in prior years. Petitioner's argument lacks merit. The fact that petitioner's earnings were not predictable from year to year did not entitle petitioner to rely on Forms W-2 sent to him; instead, the variations in earnings were sufficient reason for him to double-check earnings reported on the Forms W-2 with paycheck stubs or paycheck histories, both of which were available to petitioner, to ensure that amounts reported for tax purposes matched the actual amounts that petitioner received. Accordingly, petitioner's inability to project earnings before receipt does not constitute reasonable cause.

[*12] Additionally, petitioner contends that he was unable to devote the time necessary to prepare his 2009 tax return because of his divorce proceedings. Petitioner testified that the proceedings took place in two different States in two courts, involving 43 motions and two separate trials lasting at least 24 days, and that petitioner represented himself during those proceedings. We find petitioner's contention to be without merit. Despite the proceedings, petitioner had the presence of mind to direct Accounting Resources to adjust his State tax withholding on account of his move from New York to New Jersey. Likewise, petitioner also should have had the presence of mind to confirm the change upon receipt, or, in this case, nonreceipt, of the Forms W-2. Accordingly, we conclude that petitioner's divorce proceedings do not constitute reasonable cause.

Moreover, petitioner overstated the amount of his Federal income tax withholdings on his 2009 tax return.[3] Upon due consideration of petitioner's education, which includes a master's degree in business administration and experience as a senior policy analyst for HUD, where he regularly encounters

---

[3]The three Forms W-2 issued to petitioner indicated that his 2009 Federal income tax withholdings were $121, $170, and $8,684. Petitioner reported total Federal income tax withholdings of $17,990 on his 2009 tax return, overstating the withholdings by $9,015.

**[\*13]** numbers, formulas, and details, we conclude that petitioner did not make a good-faith effort to assess his proper tax liability for his 2009 tax year.

As noted above, the burden is on petitioner to prove that he acted with reasonable cause and in good faith. We conclude that petitioner failed to carry his burden. Accordingly, we hold that, if the Rule 155 computations establish that petitioner has a substantial understatement of income tax, petitioner is liable for the section 6662(a) accuracy-related penalty for his 2009 tax year.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.