T.C. Summary Opinion 2004-106

UNITED STATES TAX COURT

LAWRENCE MICHAEL SPANIER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

PAMELA SPANIER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4692-03S, 5428-03S.      Filed August 3, 2004.

Lawrence Michael Spanier, pro se in docket No. 4692-03S.

Pamela Spanier, pro se in docket No. 5428-03S.

Huong T. Duong, for respondent.

DEAN, Special Trial Judge:  These consolidated cases were
heard pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time that the petitions were filed.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure. The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1998 a deficiency in Lawrence Michael Spanier's Federal income tax of $3,468 and an accuracy-related penalty under section 6662(a) of $694. Respondent also determined for 1998 a deficiency in Pamela Spanier's Federal income tax of $2,415 and an accuracy-related penalty under section 6662(a) and an addition to tax under section 6651(a) of $483 and $241, respectively.

Lawrence Michael Spanier (Mr. Spanier) and Pamela Spanier (Ms. Spanier) were formerly married to each other. The issues for decision are: (1) Which petitioner is entitled to deductions for dependency exemptions with respect to three children from their former marriage; (2) whether either petitioner is subject to the accuracy-related penalty under section 6662(a); and (3) whether Ms. Spanier is subject to an addition to tax under section 6651(a)(1) for failure to timely file her 1998 Federal income tax return.

The stipulated facts and exhibits received into evidence are incorporated herein by reference. At the time the petitions in these cases were filed, both petitioners resided in California. The Court consolidated these cases for purposes of trial, briefing, and opinion because they involve common facts and

questions of law arising from the separation and divorce of petitioners.

## Background

Petitioners married each other in 1985. They were divorced on December 24, 1997. Three children were born of the marriage: Leah Spanier, born on November 25, 1987, Marissa Spanier, born on March 29, 1990; and Aaron Spanier, born on October 8, 1992.

Petitioners were granted joint custody of their children, with Ms. Spanier being the custodial parent for all three children.

Mr. Spanier timely filed a Form 1040, U.S. Individual Income Tax Return, for 1998. Ms. Spanier filed a Form 1040 for 1998 on June 1, 1999. On their separate Federal income tax returns for 1998, petitioners each claimed dependency exemption deductions for their three children. Ms. Spanier did not sign a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a statement conforming to the substance of Form 8332, and Mr. Spanier did not attach such documentation to his Form 1040.

Respondent issued a letter dated January 25, 2000, to Mr. Spanier notifying him that respondent had received two or more 1998 Federal individual income tax returns using the same Social

Security numbers to claim a tax benefit.[1]  In separate notices of deficiency dated January 9, 2003, respondent disallowed the three dependency exemption deductions claimed by Mr. Spanier and Ms. Spanier on their respective returns.

A copy of the judgment of divorce was not offered into evidence; however, copies of several subsequent court orders were offered relating to various visitation and child and spousal support questions that arose after the divorce.  None of the court documents addressed the dependency exemption deductions for the children for Federal income tax purposes.

On March 12, 2003, Mr. Spanier petitioned the superior court of California requesting a determination that he is entitled to claim dependency exemption deductions for the children for 1997 and 1998 and that Ms. Spanier be ordered to execute the necessary releases.  A hearing was held on May 14, 2003, and on August 22, 2003, the superior court granted Mr. Spanier's petition.  The superior court's order states, in pertinent part:

> This Nunc pro tunc order corrects the previous order, which failed to reflect the true intention of the Court at the time the order was rendered.  At the time the order was rendered, it was the intent of the Court to allow the transfer of the dependency exemptions.  This order does not constitute a modification of the prior order, but rather a clarification of the same.

[1]This letter refers only to duplication of two of the three Social Security numbers assigned to petitioners' children.  No explanation is given for the omission of the third Social Security number.

## Discussion

Respondent's determinations in the notices of deficiency are presumed correct, and generally, petitioners bear the burden of proving that respondent's determination of income tax deficiencies is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491, the burden of proof with respect to factual issues relevant to ascertaining the tax liability of the taxpayer may shift to the Commissioner in certain circumstances. See Prince v. Commissioner, T.C. Memo. 2003-247. The issues in these cases are questions of law, and the Court decides the issues without regard to the burden of proof.

## Dependency Exemption Deductions

There is no dispute that the three children of petitioners are "dependents" as defined in section 152 and that each of the children received, during the year at issue, over half of his or her support from their parents. Where the parents are divorced and the children are in the custody of one or both parents for more than one-half of the calendar year, section 152(e)(1) allows the dependency exemption deductions to the "custodial parent". Section 1.152-4(b), Income Tax Regs., provides generally that the custodial parent is determined by the most recent decree of divorce in effect between the parties. In these cases, there is no dispute that Ms. Spanier was the custodial parent for the

three children.  However, the noncustodial parent is allowed a dependency exemption deduction under section 152(e)(2) if the custodial parent signs a written declaration that such custodial parent will not claim a child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's income tax return for the taxable year.

Mr. Spanier never obtained from Ms. Spanier a completed Form 8332 or a written declaration that she would not claim dependency exemptions for the children.  Therefore, the Court cannot allow him dependency exemption deductions under section 152.

Mr. Spanier contends that the superior court's nunc pro tunc order dated September 8, 2003, clarified the original order and granted him the right to the exemptions for 1998 and, therefore, should be given effect for Federal income tax purposes.  In general, State court adjudications retroactively changing the rights of the parties are disregarded for Federal income tax purposes.  Ianniello v. Commissioner, 98 T.C. 165, 175 n.5 (1992) (citing Daine v. Commissioner, 9 T.C. 47 (1947), affd. 168 F.2d 449 (2d Cir. 1948)).  An exception to this rule is made when the nunc pro tunc order retroactively corrects an order which failed to reflect the true intention of the court at the time it was rendered.  Gordon v. Commissioner, 70 T.C. 525, 530 (1978); Johnson v. Commissioner, 45 T.C. 530, 532 (1966).  The order at issue herein contains precisely this language.

In general, however, State courts, cannot by their decisions determine issues of Federal tax law.  Miller v. Commissioner, 114 T.C. 184, 196 (2000); see also Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); White v. Commissioner, T.C. Memo. 1996-438 (citing with approval Commissioner v. Tower, 327 U.S. 280 (1946)).  Therefore, even assuming arguendo that Mr. Spanier is correct in his contention, the nunc pro tunc order issued by the superior court is ineffective because he did not comply with the requirements set down in the Internal Revenue Code.

The exception granting the noncustodial parent the exemption under section 152(e)(2) applies only if "the custodial parent signs a written declaration".  Ms. Spanier (admittedly the custodial parent) did not sign any such written declaration. Because Mr. Spanier, the noncustodial parent, did not meet the requirements of the Internal Revenue Code, he simply does not come within the exception provided in section 152(e)(2). Accordingly, the Court holds that Mr. Spanier is not entitled to dependency exemption deductions for Leah, Marissa, and Aaron for 1998.  Further, the Court holds that Ms. Spanier is entitled to those dependency exemption deductions for 1998.

Additions to Tax

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax.  Higbee v.

Commissioner, 116 T.C. 438, 446-447 (2001). In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the accuracy-related penalty. Id. at 446. Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect. Id. at 447.

1. Accuracy-Related Penalty

Respondent determined that Mr. Spanier is liable for a penalty for negligence under section 6662(a) for claiming the dependency exemption deductions for his children. Respondent also determined that if Mr. Spanier is determined to be entitled to those dependency exemption deductions, Ms. Spanier would be liable for a penalty for negligence under section 6662(a) for claiming the same dependency exemption deductions.

Section 6662(a) imposes an accuracy-related penalty of 20 percent of the portion of the underpayment of tax attributable to negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1). "Negligence" is defined as any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care

or the failure to do what a reasonable and prudent person would do under the circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989); Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985). "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. See sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion. See sec. 6664(c).

Mr. Spanier acknowledges that Ms. Spanier is the custodial parent of their children. However, he still claimed dependency exemption deductions for them despite the fact that he had not obtained a waiver of the exemptions from Ms. Spanier. While Mr. Spanier took steps in State court in 2003 to obtain a clarification of his right to claim dependency exemption deductions for his children, his rights were not clear when he filed his 1998 tax return. The court order allowing him the exemptions was not issued until 2003. The State court had not previously addressed the issue, and Mr. Spanier should have noted that fact when preparing his income tax return for 1998. See Nieto v. Commissioner, T.C. Memo. 1992-296. Therefore, the Court

concludes that Mr. Spanier is liable for the accuracy-related penalty as determined by respondent.  The Court further concludes that Ms. Spanier is not liable for the accuracy-related penalty as determined by respondent.

2.  Failure-To-File Addition to Tax

Respondent contends that Ms. Spanier is liable for an addition to tax pursuant to section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined without regard to any extension of time for filing previously granted. The addition equals 5 percent for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).  Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.  Sec. 6651(a)(1); Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that she exercised ordinary business care and prudence.  United States v. Boyle, 469 U.S. 241, 246 (1985). "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Ms. Spanier's 1998 return was filed on June 1, 1999.  She did not prove she had reasonable cause or a lack of willful neglect.  Therefore, the Court sustains respondent's determination as to the section 6651(a)(1) addition to tax.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered in docket No. 4692-03S for respondent, and decision will be entered in docket No. 5428-03S for petitioner as to the deficiency in income tax and the accuracy-related penalty under section 6662, and for respondent as to the addition to tax under section 6651.