T.C. Memo. 2007-46

UNITED STATES TAX COURT

LARRY J. AND SHERILYN WADSWORTH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10823-05.              Filed February 28, 2007.

<u>Lillian S. Wyshak</u>, for petitioners.

<u>David R. Jojola</u> and <u>Valerie L. Makarewicz</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This matter is before the Court on petitioners' amended motion to dismiss for lack of jurisdiction, amended motion to strike, motion to shift the burden of proof, and request that the Court take judicial notice of certain facts.

At the time they filed the petition, petitioners resided in McKinleyville, California.

## Background

Petitioners jointly filed Federal income tax returns for 2001 and 2002. Petitioners attached a Schedule E, Supplemental Income and Loss, to each return. On their Schedule E for 2001, petitioners reported $534,424 of total income. The only item reported on the Schedule E was nonpassive income from Gold Coast Medical Services (Gold Coast), a partnership. On their Schedule E for 2002, petitioners reported $345,546 of total income. As in 2001, the only item petitioners reported on their 2002 Schedule E was nonpassive income from Gold Coast.

During February 2004 petitioners prepared and filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 2001 and 2002. On the Form 1040X for 2001, petitioners reported a $990,700 reduction in adjusted gross income, as well as associated increases in exemptions and itemized deductions. On the Form 1040X for 2002, petitioners reported a $165,116 reduction in adjusted gross income, as well as associated increases in exemptions and itemized deductions. Petitioners attached amended Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., to their Forms 1040X for 2001 and 2002. The amended Schedules K-1 reveal that the sole cause for the reduced income, increased exemptions, and increased itemized deductions reported on petitioners' 2001 and 2002 Forms 1040X was a reduction in petitioner Larry J. Wadsworth's (Mr. Wadsworth)

net earnings from self-employment that were attributable to his distributive share of the income or loss of Gold Coast.

In a notice of deficiency, respondent determined increases in petitioners' 2001 and 2002 income of $990,700 and $165,116, respectively, as well as associated reductions in petitioners' itemized deductions and exemptions. Respondent determined deficiencies of $147,708 and $56,958 in petitioners' 2001 and 2002 Federal income taxes, respectively. Respondent also determined section 6662(a)[1] penalties of $29,541.60 and $11,125.60 for 2001 and 2002, respectively.

Respondent attached a Form 4549A, Income Tax Examination Changes, to the notice of deficiency. On the Form 4549A, respondent listed adjustments to itemized deductions, exemptions, and "Sch E - Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve" for 2001 and 2002. Respondent also attached a Form 886-A, Explanations of Items, to the notice of deficiency. On the Form 886-A, under the table for "Sch E - Inc/Loss-Prtnrship/S Corps - Passve/Non-Passve" adjustments for 2001 and 2002, respondent entered "your distributive share of the partnership income or loss [is adjusted] as shown in the attached computation." In his answer (discussed below), respondent asserts that the adjustments in the notice of deficiency relate to respondent's determination

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

that petitioners' amended income tax returns failed to properly report Mr. Wadsworth's alleged distributive share of the income of Gold Coast.

On June 13, 2005, petitioners timely petitioned this Court for a redetermination of the 2001 and 2002 deficiencies. In their petition, petitioners argued that the notice of deficiency was invalid because: (1) The notice of deficiency is vague and incomprehensible; and (2) the adjustments at issue are subject to the partnership-level proceedings of sections 6221 through 6233, and respondent therefore lacks authority to assert a deficiency against an individual partner before the issuance of a notice of final partnership administrative adjustment (FPAA).

After receiving an extension of time to file, respondent timely filed his answer to the petition on August 29, 2005. Paragraph 8 of respondent's answer consists of detailed allegations regarding Gold Coast's income for 2001 and 2002 and Mr. Wadsworth's involvement in Gold Coast. Respondent alleges, inter alia, that Mr. Wadsworth was a 50-percent partner in Gold Coast; that Gold Coast had only two partners, both of whom were individuals; that Gold Coast operated a pharmacy that provided medical products and services to eligible beneficiaries of the California Medical Assistance Program; that the California Department of Health Services (DHS) conducted an audit of Gold Coast's records for the period from January 1, 2001, through

February 28, 2002; that DHS determined that Gold Coast had been overpaid in the amounts of $1,981,400.90 and $330,233.09 for the years 2001 and 2002, respectively; that Gold Coast did not transfer money or other property to satisfy the asserted liabilities; that Gold Coast disputed the asserted liabilities; that Gold Coast filed amended income tax returns claiming a return and allowance for the disputed liabilities asserted by DHS; that petitioners filed amended income tax returns for 2001 and 2002 reporting Mr. Wadsworth's share of the resulting Gold Coast loss; that DHS's original finding of overpayment was reversed by an administrative law judge in 2004; that Gold Coast is not entitled to claim as a deduction for 2001 and 2002 the disputed liabilities asserted by DHS; and that petitioners must therefore recognize Mr. Wadsworth's distributive share of Gold Coast income for 2001 and 2002.

After receiving an extension of time to file, petitioners timely filed their reply on November 21, 2005. Petitioners filed with their reply a motion to dismiss for lack of jurisdiction and a motion to strike paragraph 8 from respondent's answer. Petitioners filed an amended motion to dismiss for lack of jurisdiction (amended motion to dismiss) and an amended motion to strike paragraph 8 from respondent's answer (amended motion to strike) on December 14, 2005. The amended motions contained substantially the same arguments as the original motions.

Pursuant to an order of the Court, respondent filed separate objections to petitioners' amended motion to dismiss and amended motion to strike on December 19, 2005.

On February 27, 2006, the Court held a hearing on petitioners' amended motions. At the hearing, Floyd Freeman, the revenue agent who examined petitioners' 2001 and 2002 income tax returns, testified. The Court also received into evidence several exhibits containing material Mr. Freeman considered in his examination of petitioners' 2001 and 2002 returns. Petitioners did not present evidence at the hearing.

On March 1, 2006, petitioners filed a memorandum in support of their amended motion to dismiss for lack of jurisdiction and a motion to shift the burden of proof to respondent. Respondent filed an objection to the motion to shift the burden of proof on April 3, 2006.

Pursuant to an order of the Court, petitioners filed a brief in support of their motions on June 23, 2006. With this brief, petitioners filed a request that this Court take judicial notice of the contents of Form 1065, U.S. Return of Partnership Income, and its instructions. After receiving an extension of time, respondent filed an answering brief on August 7, 2006.

## Discussion

I.  Petitioners' Amended Motion To Dismiss for Lack of
    Jurisdiction

Petitioners raise several arguments in support of their amended motion to dismiss.

Petitioners argue that because the sole explanation for the adjustments in the notice of deficiency was an entry of "Sch E - Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve" on the Form 4549A, the notice of deficiency was vague and incomprehensible and therefore invalid.[2]  In support of that argument petitioners rely, inter alia, on section 7522(a) and Scar v. Commissioner, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983).[3]

Petitioners argue that the notice of deficiency is invalid because it fails to comply with section 7522(a).  Section 7522(a) provides, in relevant part, that "Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice."  However, section 7522(a) goes on to provide that "An

---

[2]  As discussed supra, respondent also described the adjustments in the notice of deficiency in slightly more expansive language on the Form 886-A attached to the notice of deficiency.

[3]  In support of their motion to dismiss for lack of jurisdiction petitioners also rely on Shea v. Commissioner, 112 T.C. 183 (1999).  The portion of Shea cited relates to a motion to shift the burden of proof, and is discussed below.

inadequate description under the preceding sentence shall not invalidate such notice." We conclude that petitioners' reliance on section 7522(a) is misplaced.

In Scar v. Commissioner, supra, the U.S. Court of Appeals for the Ninth Circuit (to which an appeal of this matter would lie) held that the Commissioner must consider information relating to a particular taxpayer before the Commissioner can be said to have determined a deficiency with respect to that taxpayer. In Scar, the taxpayers received a notice of deficiency that disallowed a loss deduction from a partnership in which the taxpayers owned no interest. The notice also revealed that the Commissioner had computed the tax due using the highest marginal tax rate without examining the return and without supplying any basis for the applicability of that rate. The Court of Appeals held that a notice of deficiency is invalid if it is clear from the notice itself that the Commissioner had not reviewed the taxpayers' return or otherwise made a determination of a deficiency with respect to the taxpayers' liability for the particular taxable year. Id. at 1370.

The Court of Appeals subsequently held that the rule established in Scar applies only where the notice of deficiency reveals on its face that the Commissioner failed to make a determination. See Kantor v. Commissioner, 998 F.2d 1514, 1521-1522 (9th Cir. 1993), affg. in part and revg. in part on another

ground T.C. Memo. 1990-380; Clapp v. Commissioner, 875 F.2d 1396, 1402 (9th Cir. 1989).

Those circumstances are not present in this case. Unlike the notice of deficiency in Scar, the notice of deficiency in this matter clearly disallowed amounts claimed on petitioners' 2001 and 2002 amended returns: the notice disallowed the amounts of $990,700 and $165,116 claimed as reductions to Mr. Wadsworth's distributive share of income from Gold Coast for 2001 and 2002, respectively. Although the notice of deficiency does not identify Gold Coast by name, it does determine deficiencies of $147,708 and $56,958 for 2001 and 2002 respectively. Those amounts are identical to the refunds claimed on petitioners' 2001 and 2002 amended returns. The notice of deficiency in this matter therefore did not reveal on its face that respondent failed to make a determination with regard to petitioners' 2001 and 2002 tax liabilities. Consequently, we reject petitioners' argument that the notice of deficiency cannot serve as the basis of our jurisdiction because it is not the product of an actual determination of respondent.

Petitioners also argue that this Court lacks jurisdiction to decide whether they received income from Gold Coast because Gold Coast is subject to the unified partnership procedures of sections 6221 through 6233. See Tax Equity and Fiscal

Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648.

Under the TEFRA partnership procedures, the tax treatment of items of income, loss, deductions, and credits is generally determined in partnership-level proceedings rather than in separate proceedings involving each partner. Sec. 6221; H. Conf. Rept. 97-760, at 600 (1982), 1982-2 C.B. 600, 662.

Mr. Wadsworth's distributive share of Gold Coast's aggregate income, gain, loss, deduction, or credit is a partnership item. Sec. 6231(a)(3); sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs. If TEFRA requires that a partnership item be determined at the partnership-level, then the issuance of an FPAA is a condition precedent to the exercise of this Court's jurisdiction over a partnership item, and we have no jurisdiction to redetermine any portion of a deficiency attributable to a "partnership item" in an individual proceeding. Sec. 6225(a); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986). However, if Gold Coast is excluded from TEFRA as a small partnership under section 6231(a)(1)(B), as respondent contends, what might otherwise be "partnership items" in a TEFRA proceeding may be litigated in this individual deficiency proceeding.

As it applied in the years at issue, section 6231(a)(1) provided, in pertinent part, as follows:

(A) In general.--Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under section 6031(a).

(B) Exception for small partnerships.--

(i) In general.--The term "partnership" shall not include any partnership having 10 or fewer partners each of whom is an individual (other than a nonresident alien), a C corporation, or an estate of a deceased partner. For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) Election to have subchapter apply.--A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

Congress enacted the small partnership exception of section 6231(a)(1)(B) to ensure that only "simple" partnerships would be excepted. See McKnight v. Commissioner, 99 T.C. 180, 185 (1992), affd. 7 F.3d 447 (5th Cir. 1993); Hearings on H.R. 6300 Before the House Comm. on Ways and Means, 97th Cong., 2d Sess. 259-261 (1982) (describing "simple" partnerships as those whose partners "treat themselves as co-ownerships rather than partnerships, and each co-owner resolves his own tax responsibilities separately as an individual with the IRS").

For the years at issue, the temporary regulations issued under section 6231 required that the election provided for in section 6231(a)(1)(B)(ii) be made by attaching a statement to the partnership return for the first taxable year for which the

election was to be effective. Sec. 301.6231(a)(1)-1T(b)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987). The statement was required to be identified as an election under section 6231(a)(1)(B)(ii), to be signed by each person who was a partner at any time during the taxable year to which the return relates, and to be filed at the time and place prescribed for filing the partnership return. Id.

With the assistance of a return preparer, Mr. Wadsworth filed Forms 1065 for Gold Coast's tax years 2001 and 2002. For both years, question 4 of Schedule B, Other Information, read as follows: "Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233? If 'Yes,' see Designation of Tax Matters Partner below". On both the 2001 and 2002 returns, "No" is marked in the "Yes/No" columns adjacent to question 4 of Schedule B. Below question 4, in the section entitled "Designation of Tax Matters Partner", both the 2001 and 2002 forms list Mr. Wadsworth as the tax matters partner for the tax years of the returns. No section 6231(a)(1)(B)(ii) election statement was filed with either the 2001 or the 2002 partnership return.

Petitioners implicitly concede that Gold Coast did not elect, in conformity with the terms of the temporary regulations, to be subject to the unified partnership procedures of TEFRA. Instead, they argue, inter alia, that the small partnership

exception of section 6231(a)(1)(B)(i) is a denial of their constitutional right to due process and equal protection and is therefore invalid; or that we should treat the listing of Mr. Wadsworth as the tax matters partner on the 2001 and 2002 Forms 1065 as a "deemed" section 6231(a)(1)(B)(ii) election.

Petitioners' due process arguments are unconvincing. Petitioners appear to argue that the small partnership exception of section 6231(a)(1)(B)(i) denies them procedural due process because it relegates their claims to an individual proceeding instead of a partnership-level proceeding. We fail to see how giving petitioners a choice between two procedural frameworks amounts to a denial of due process.

Nor can we understand how the small partnership exception injures petitioners' due process rights by making available individual-level proceedings in addition to partnership-level proceedings. The small partnership exception permits this Court to review in a deficiency suit items that otherwise would be subject to partnership-level proceedings. The small partnership exception therefore offers partners of small partnerships simplified and expedited access to judicial review. We cannot fathom how such a result somehow amounts to a denial of due process.

Similarly, we find petitioners' equal protection arguments unconvincing. "Legislatures have especially broad latitude in

creating classifications and distinctions in tax statutes."
Regan v. Taxation With Representation, 461 U.S. 540, 547 (1983).
In Durham v. Commissioner, T.C. Memo. 2004-125, we rejected a
taxpayer's argument that Congress unfairly discriminated between
similarly situated taxpayers by making the interest abatement
provisions of newly amended section 6404(e) effective only for
interest accruing with respect to deficiencies or payments for
tax years beginning after enactment of that section and not to
all instances of managerial errors committed after amendment of
section 6404(e).  In Durham we stated:

> judicial deference [to statutory classifications] flows
> from a recognition that--as a practical matter--
> Congress will often have to draw distinctions between
> different taxpayers who seem in some ways to be in
> similar positions.  "No scheme of taxation, whether the
> tax is imposed on property, income, or purchases of
> goods and services, has yet been devised which is free
> of all discriminatory impact."  As with laws granting
> economic benefits, drawing distinctions "inevitably
> requires that some persons who have an almost equally
> strong claim to favored treatment be placed on
> different sides of the [same] line . . . ."  Yet courts
> have repeatedly held that these distinctions do not
> violate the Constitution's guarantee of equal
> protection.  Instead they reflect Congress's exercise
> of its legitimate prerogative to enact laws with an eye
> to their practical administration and cost to the fisc.

Id. (fn. refs. and citations omitted).  The distinction between a
"partnership" and a "small partnership" for purposes of section
6231(a)(1)(B) does not impinge upon a fundamental right or use a
suspect classification and must therefore be upheld if it has any

rational basis.  See <u>Hamilton v. Commissioner</u>, 68 T.C. 603, 608 (1977).

One rational basis for the distinction between TEFRA partnerships and small partnerships is the complexity of the TEFRA procedures themselves.  The TEFRA procedures, suited to complex examinations and litigation of partnership items in the case of large partnerships, may be unnecessarily burdensome--to both the Commissioner and taxpayers--for the examination and litigation of simple partnerships.  We therefore reject petitioners' constitutional arguments.

Nor will we heed petitioners' call to treat the listing of Mr. Wadsworth as a tax matters partner on Gold Coast's 2001 and 2002 partnership returns as a "deemed election" to be subject to the unified partnership procedures of TEFRA.  A taxpayer must clearly notify the Commissioner of the taxpayer's intent to make an election.  <u>Kosonen v. Commissioner</u>, T.C. Memo. 2000-107 (citing <u>Knight-Ridder Newspapers, Inc. v. United States</u>, 743 F.2d 781, 795 (11th Cir. 1984)).  To make an election, "the taxpayer must exhibit in some manner * * * his unequivocal agreement to accept both the benefits and burdens of the tax treatment afforded" by the governing statute.  <u>Id.</u> (quoting <u>Young v. Commissioner</u>, 83 T.C. 831, 839 (1984), affd. 783 F.2d 1201 (5th Cir. 1986)).  "A taxpayer has not made an election if it is not clear from the return that an election has been made."  <u>Id.</u>

As discussed supra, Gold Coast's partnership returns were marked "No" in the columns next to the question "Is this partnership subject to the consolidated audit procedures of sections 6221 through 6233?". No election statement was filed with the partnership returns. Under such circumstances, it is not clear from merely inserting Mr. Wadsworth's name in the tax matters partner box that Gold Coast was electing to be subject to the TEFRA procedures. The Gold Coast returns--coupled with the complete absence of any election statement--exhibit more of an intent to fall outside the TEFRA procedures than an intent to positively elect into them. Gold Coast therefore failed to elect to be subject to TEFRA, and we will deny petitioners' amended motion to dismiss.

## II. Petitioners' Amended Motion To Strike

In support of their amended motion to strike, petitioners argue that paragraph 8 of respondent's answer is an impermissible attempt to supply the information that was required in the notice of deficiency.

Motions to strike are analyzed under Rule 52. Rule 52 provides that this Court, upon a timely motion of the parties or on its own initiative, may strike from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous, or scandalous matter. Rule 52 was derived from rule 12(f) of the Federal Rules of Civil Procedure.

Estate of Jephson v. Commissioner, 81 T.C. 999, 1000 (1983); Allen v. Commissioner, 71 T.C. 577, 579 (1979). Accordingly, the principles enunciated by the Federal courts in the interpretation and application of that rule are applicable here. Estate of Jephson v. Commissioner, supra at 1000-1001; Allen v. Commissioner, supra at 579.

In general, motions to strike pleadings have not been favored by the Federal courts. Estate of Jephson v. Commissioner, supra at 1001; Allen v. Commissioner, supra at 579. A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. Estate of Jephson v. Commissioner, supra at 1001; Allen v. Commissioner, supra at 579.

> "A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied." If the matter that is the subject of the motion involves disputed and substantial questions of law, the motion should be denied and the allegations should be determined on the merits. In addition, a motion to strike will usually not be granted unless there is a showing of prejudice to the moving party.

Estate of Jephson v. Commissioner, supra at 1001 (citations omitted).

As discussed supra, paragraph 8 of respondent's answer contains factual allegations regarding Gold Coast's business operations, Mr. Wadsworth's involvement in Gold Coast, and the

audit of Gold Coast by DHS which led Gold Coast and petitioners to file amended tax returns for 2001 and 2002. The allegations in paragraph 8 clearly bear a relationship to the issues in this case. The allegations in paragraph 8 are therefore best left to a determination on the merits, and we will deny petitioners' amended motion to strike. See <u>Estate of Jephson v. Commissioner</u>, <u>supra</u> at 1003.

## III. <u>Petitioners' Motion To Shift the Burden of Proof</u>

Petitioners argue that if their motion to dismiss for lack of jurisdiction is not granted, the burden of proof should be shifted to respondent. As best we can tell, petitioners seem to argue that the burden of proof should be shifted to respondent with regard to all issues in dispute. In support of their motion, petitioners rely on <u>Weimerskirch v. Commissioner</u>, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), and, as mentioned <u>supra</u>, <u>Shea v. Commissioner</u>, 112 T.C. 183 (1999).[4]

Under Rule 142(a)(1), the burden of proof shall be upon the petitioner, except as otherwise provided by statute or determined by the Court; and except that, in respect of any new matter,

---

[4] Petitioners also rely on <u>Scar v. Commissioner</u>, 814 F.2d 1363 (9th Cir. 1987), revg. 81 T.C. 855 (1983). As discussed <u>supra</u>, the relevant portions of <u>Scar</u> relate to the issue of jurisdiction and not to the burden of proof.

increases in deficiency, and affirmative defenses, pleaded in the answer, it shall be upon the respondent.[5]

In Weimerskirch v. Commissioner, supra at 362, the U.S. Court of Appeals for the Ninth Circuit (to which an appeal of this matter would lie) held that the Commissioner's determination of a deficiency which allegedly resulted from unreported income could not be upheld in absence of any substantive evidence linking the taxpayer to the alleged income-producing activity.

The rule in Weimerskirch does not apply to this case. We have consistently held that the taxpayer bears the burden of proof with regard to claimed losses or deductions. See Time Ins. Co. v. Commissioner, 86 T.C. 298, 313-314 (1986); Chaum v. Commissioner, 69 T.C. 156, 163-164 (1977). Even if the deficiencies at issue were assumed to stem from allegedly unreported income, this case would still not be analogous to Weimerskirch. In Weimerskirch, the Commissioner failed to introduce any evidence connecting the taxpayer with the activity which allegedly produced the unreported income. In the matter before us, petitioners' indivdual income tax returns and Gold Coast's partnership returns all reveal a relationship between petitioners and the income-producing activity at issue. We are therefore not presented with a situation in which respondent

---

[5] Petitioners do not allege, and we do not find, that sec. 7491(a) applies to this dispute.

relies solely and entirely on the presumption of correctness that normally attaches to a notice of deficiency.

Finally, respondent has not yet been given an opportunity to present evidence supporting his determinations. Petitioners' assertion that respondent is merely resting on the presumption of correctness is therefore premature, and petitioners' reliance on Weimerskirch is misplaced.

Petitioners also rely on Shea v. Commissioner, supra, in support of their motion to shift the burden of proof. In Shea, the Commissioner issued a notice of deficiency in which he changed a California-resident taxpayer's filing status from married filing jointly to married filing separately yet determined an amount of unreported income without making any adjustment for California's community property law. Had that law been considered, unless an exception under section 66(b) applied, the taxpayer would have been required to report and be taxed on only one-half of the taxpayer's income from a business he conducted while married. The notice of deficiency in Shea did not refer to California community property law, any exceptions to that law, or any facts that might support such exceptions.

Although the parties in Shea agreed that section 66(b) authorizes the Commissioner to disallow the benefits of community property law to a taxpayer under certain circumstances, the taxpayer argued that because the Commissioner made no

determination in the notice of deficiency with regard to community property law or section 66(b), the Commissioner should bear the burden of proof with regard to his reliance on section 66(b) because it was a "new matter" within the meaning of Rule 142(a).  The Commissioner argued that invocation of section 66(b) was necessarily implicit in the notice of deficiency.

In agreeing with the taxpayer, this Court noted that the notice of deficiency at issue made "absolutely no mention of community property law, section 66(b), or facts which would allow respondent to invoke section 66(b)."  Shea v. Commissioner, supra at 191.  This Court also noted that

> Respondent failed to offer any evidence that indicated that respondent considered the application of community property law or section 66(b) in making his determination.  In short, it appears to us that respondent gave no thought to community property law or section 66(b) when the notice of deficiency was prepared.  Respondent's apparent failure to even consider community property law or section 66(b) in making his deficiency determination supports our conclusion that section 66(b) was not implicit in the notice of deficiency.  However, even if respondent's agents had considered such matters, it does not follow that they were "necessarily implicit" in the notice of deficiency.  The objective language in the notice of deficiency remains the controlling factor.  * * * there is nothing in the notice of deficiency that makes section 66(b) "necessarily implicit".

Id. at 192 (fn. refs. omitted).

The notice of deficiency petitioners received is not analogous to the notice of deficiency in Shea.  The notice of deficiency in Shea made no reference to the alleged determination

that would have increased the taxpayer's liability; i.e., that the Commissioner relied on section 66(b) to disregard the income attribution consequences of California community property law. Petitioners' notice of deficiency clearly referenced a determination regarding petitioners' distributive share of income and loss from involvement in a partnership.  Gold Coast was the only partnership reported on petitioners' 2001 and 2002 individual income tax returns.  The adjustments in the notice of deficiency clearly stem from respondent's determination that the changes in petitioners' amended 2001 and 2002 income tax returns were improper.  We therefore find petitioners' reliance on Shea misplaced and decline to shift the burden of proof to respondent.

IV.  Petitioners' Request for Judicial Notice

Petitioners request that we take judicial notice of the contents of respondent's Form 1065 and the instructions thereto. Although it is not clear from petitioners' request, we assume the request relates to the forms and instructions for 2001 and 2002.

This Court routinely takes judicial notice of the contents of the Commissioner's official publications as published by the U.S. Government Printing Office.  See, e.g., Nicklaus v. Commissioner, 117 T.C. 117, 118 n.2 (2001); Westcott v. Commissioner, T.C. Memo. 2006-245; Boltinghouse v. Commissioner, T.C. Memo. 2003-134 n.2; Stafford v. Commissioner, T.C. Memo. 1997-50, affd. 146 F.3d 868 (5th Cir. 1998).  We will do so here.

In reaching all of our holdings herein, we have considered all of petitioners' arguments in support of their motions, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.